**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| WYLMINA E HETTINGA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHASHANK PALIWAL,<br><br>    Defendant. | Case No.  15-cv-02246-BLF<br><br>**ORDER (1) DISSOLVING ORDER TO SHOW CAUSE; (2) RESERVING RULING ON PRE-FILING REVIEW**<br><br>[Re: ECF 21] |

On September 2, 2015, Plaintiff Wylmina Hettinga ("Plaintiff") was ordered to show cause why sanctions should not imposed for violating this Court's September 30, 2014 Vexatious Litigant Order. ECF 21. Plaintiff filed a response to the order to show cause on October 6, 2015, *see* ECF 25, and appeared for a hearing on October 29, 2015. ECF 29. For the reasons set forth below, the Court DISSOLVES the order to show cause and RESERVES ruling on the pre-filing review of Plaintiff's complaint.

**I.    BACKGROUND**

Plaintiff has filed several lawsuits arising out of her seemingly bitter divorce with Timothy Loumena. Order Granting Motions to Dismiss, Declaring Plaintiff to be a Vexatious Litigant, and Denying Motion for Stay ("Vexatious Litigant Order") at 6, *Hettinga v. Loumena*, 5:13-cv-02217-RMW, ECF 107 (N.D. Cal. Sept. 30, 2014) (collecting cases). All of Plaintiff's prior cases were dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. *Id*. As a result of her tendency to file frivolous lawsuits relating to her divorce, on September 30, 2014, the Court declared Plaintiff a vexatious litigant and enjoined her from filing "any new action in the Northern District of California arising out of facts related to [P]laintiff's divorce case, without passing a pre-filing review." *Id*. at 7. According to Plaintiff's pre-filing review order, "[i]f Ms.

Hettinga wishes to file a complaint arising out of facts related to her divorce case, she shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of [the Vexatious Litigant Order] to the Clerk of the Court." *Id*. at 7-8.  The case declaring Plaintiff a vexatious litigant involved allegations arising out of the sale of a property located at 21251 Almaden Road, San Jose, CA.  *See* Compl. ¶ 12, 5:13-cv-02217-RMW, ECF 1.  This property was Ms. Hettinga and Mr. Loumena's family home and was ordered sold during their divorce proceedings.  Vexatious Litigant Order at 2-3.  On October 26, 2014, Plaintiff appealed the Vexatious Litigant Order.  *See* No. 5:13-cv-02217, ECF 109 (N.D. Cal.); No. 14-17135, ECF 1 (9th Cir. appeal filed Oct. 26, 2014).  As of November 9, 2015, the appeal is fully briefed, but oral argument has not been scheduled.

On May 19, 2015, Plaintiff filed the instant action against Defendant Shashank Paliwal ("Defendant"), an employee of the Internal Revenue Service.  ECF 1.  Plaintiff's Complaint alleges Defendant improperly accounted for the tax treatment of the property located at 21251 Almaden Road, San Jose, CA 95120.  *See generally* Compl.  On July 8, 2015, Defendant filed a motion for an order to show cause why sanctions should not be imposed and the case dismissed for failing to adhere to the pre-filing order.  ECF 14.  Plaintiff filed an opposition on July 22, 2015.  ECF 16.  On September 2, 2015, the Court granted Defendant's motion for an order to show cause and issued an order to show cause to Plaintiff why sanctions including dismissal of this action and/or monetary sanctions should not be imposed for violating the Vexatious Litigant Order.  ECF 21.  Plaintiff filed a response to the order to show cause on October 6, 2015, ECF 25 and appeared for a hearing on October 29, 2015, ECF 29.  On the same day as the hearing, Plaintiff filed a peremptory challenge seeking to have this action reassigned to the Central District of California.[1]  ECF 28.

---

[1] Plaintiff filed a peremptory challenge under 28 U.S.C. §§ 455(a)-(b).  Although some states allow peremptory challenges of judges, they are not allowed in federal court.  *See National Union Fire Ins. Co. of Pittsburg v. Continental Ill. Corp.*, No. 85-C-7080, 1987 WL 16597, at *1 (N.D. Ill. Sept. 3, 1987) ("A judge who removes himself whenever a party asks is giving that party a free strike, and Congress rejected proposals (now in effect in some states) to allow each party to remove a judge at the party's option.").  The Court has reviewed 28 U.S.C. §§ 455(a)-(b), the parties, attorneys, and filings in this action and finds no reason for recusal.  Accordingly, Plaintiff's peremptory challenge is DENIED.

## II. DISCUSSION

Plaintiff argues that sanctions should not be imposed because this action does not fall under the scope of the Vexatious Litigant Order. According to Plaintiff, this action relates to her 2011 tax returns and not her divorce proceeding. ECF 25 at 2.

While Plaintiff correctly notes that this action relates to her 2011 tax returns, Plaintiff overlooks the fact that the dispute about her 2011 tax returns involves the tax treatment of 21251 Almaden Road, San Jose, CA. This property not only relates to Plaintiff's divorce proceeding but was at issue in the case that caused Plaintiff to be declared a vexatious litigant. Thus, this action falls under the scope of the Vexatious Litigant Order and Plaintiff should have followed the pre-filing instructions outlined in that order. However, based on Plaintiff's testimony at the hearing, the Court finds that Plaintiff had a good faith, although erroneous, belief that this action was not subject to the Vexatious Litigant Order. Accordingly, the Court DISSOLVES the order to show cause and advises Plaintiff to comply with the Vexatious Litigant Order in the future.

At the hearing, Plaintiff was given the option to either have this case proceed to the motion to dismiss stage or have the Court convert Plaintiff's Complaint to a request for pre-filing review. Plaintiff preferred to have the Court convert Plaintiff's Complaint to a request for pre-filing review and reserve ruling on the review until the Ninth Circuit rules on her appeal of the Vexatious Litigant Order. Defendant did not have any objections to Plaintiff's request. Accordingly, the Court converts Plaintiff's Complaint to a request for pre-filing review. Since Plaintiff has appealed the order declaring her a vexatious litigant, the Court will defer ruling on whether Plaintiff may file her Complaint in the instant action until the Ninth Circuit resolves Plaintiff's appeal of the vexatious litigant order. *See* Order Reserving Ruling on Pre-Filing Review, *Shek v. ACE-USC/ESIS*, No. 13-mc-80296-JSW, ECF 3 (N.D. Cal. March 26, 2014) (deferring pre-filing ruling while vexatious litigant order was on appeal).

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Court DISSOLVES the Order to Show Cause.

2. The Court converts Plaintiff's complaint to a request for pre-filing review, DEFERS its

ruling, and STAYS this action until the Ninth Circuit resolves Plaintiff's appeal of the Vexatious Litigant Order.

3. The parties are ORDERED to file a submission indicating the Ninth Circuit has ruled on Plaintiff's appeal within 30 days of its decision.

4. The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. This has no legal effect; it is purely a statistical procedure. When the parties inform the Court that the Ninth Circuit has ruled on Plaintiff's appeal, the case will be administratively re-opened and the Court will consider Plaintiff's Complaint in accordance with the Ninth Circuit's decision.

Dated: November 9, 2015

_____
BETH LABSON FREEMAN
United States District Judge